IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES WISE, | : | Civil No. 1:18-cv-01989-SHR |
| Plaintiff, | : | |
| v. | : | |
| UNITED PARCEL SERVICE, INC.; INTERNATIONAL BROTHERHOOD OF TEAMSTERS; and TEAMSTERS LOCAL 776, | : | |
| Defendants. | : | Judge Sylvia H. Rambo |

## **M E M O R A N D U M**

Plaintiff James Wise ("Plaintiff") brings this suit against Defendants United Parcel Service, Inc. ("UPS"), International Brotherhood of Teamsters ("IBT"), and Teamsters Local 776 ("Local 776"). Plaintiff alleges that Defendants discriminated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000(e) *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. Ann. §§ 951-963 *et seq.*, on the basis of both his race and disability.

Two motions are pending before the court. First, UPS moves to dismiss Count III, the PHRA disability discrimination claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 10.) Second, Local 776 moves to dismiss all of Plaintiff's

claims against it pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). (Doc. 13.) For the reasons that follow, the motions will be granted.

## I. Background

### A. Facts

The following facts are taken as true for purposes of the motions to dismiss. Plaintiff is an African American male currently employed by UPS as a package handler and smalls bagger. (Doc. 1, ¶¶ 10, 19.) He is part of a bargaining unit exclusively represented by IBT and Local 776. (*Id.* at ¶ 11.)

On May 27, 1986, Plaintiff became a full-time package handler at UPS, but was fired in 1988 after suffering a workplace injury to his back. (*Id.* at ¶¶ 14-15.) Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), and the parties ultimately agreed that he should be medically evaluated to determine if he was eligible for employment. (*Id.* at ¶ 16.) Following that evaluation, the doctor concluded that Plaintiff was capable of a "medium to heavy duty work capacity," and UPS rehired him as a smalls bagger. (*Id.* at Ex. B; ¶ 16.)

Nearly twenty years later, Plaintiff signed his name on a UPS bid sheet to be considered for a second-shift sorter position pursuant to UPS's bidding process whereby employees may bid for positions and UPS awards them based on the seniority of the employees. (*Id.* at ¶¶ 20-22.) After signing the bid sheet, Robert Sholley, a UPS employee and union steward for IBT and Local 776, whited-out

2

Plaintiff's name and signature and replaced it with the name of a white male employee. (*Id.* at ¶ 24.) Sholley then placed Plaintiff's name on line 61 of the bid sheet and signed the initials "RTS." (*Id.*) Plaintiff was the third most senior employee interested in a second-shift sorter position and would have won the bid if it was not for the actions of Sholley. (*Id.* at ¶ 25.) Plaintiff avers that Sholley interfered with the bidding process because Sholley, UPS, IBT, and Local 776 had implicitly agreed that the position would go to a white employee. (*Id.* at ¶¶ 27-28, 33-34.) Plaintiff further alleges that Sholley frequently targeted Plaintiff because of his race, regularly speaking to him in a disparaging and humiliating manner. (*Id.* at ¶¶ 27-28.)

Plaintiff dual-filed a complaint of race discrimination with the EEOC and the Pennsylvania Human Relations Commission ("PHRC"). (Doc. 11, Ex. A.)[1] During the EEOC and PHRC investigation, UPS defended its hiring decision by stating that Plaintiff was not awarded the sorter position due to his physical limitations associated with the previously recorded back injury. (Doc. 1, ¶ 25.) However, the physical demands of the smalls sorter position are no greater than those of a package handler. (*Id.* at ¶¶ 25, 30.)

---

[1] A court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents that are integral to or explicitly relied upon in the complaint, even if they are not attached thereto, without converting the motion into one for summary judgment. *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 256 n.5 (3d Cir. 2004).

### B. Procedural History

Plaintiff commenced this action by filing a complaint in the Middle District of Pennsylvania on October 15, 2018, setting forth claims of racial/color and disability/handicap discrimination. (Doc. 1.)[2] On January 2, 2019, UPS responded with a motion to dismiss and brief in support for failure to state a claim. (Docs. 10-11.) On January 16, 2019, Plaintiff filed a response in opposition to the motion. (Doc. 16.) Additionally, on January 4, 2019, Local 776 filed a motion to dismiss and a brief in support for lack of subject matter jurisdiction and failure to state a claim. (Doc. 13.) Local 776 then filed a brief in support on January 17, 2019. (Doc. 17.) On January 19, 2019, Plaintiff filed a response in opposition to the motion (Doc. 18) to which Local 776 replied on January 31, 2019 (Doc. 19). Accordingly, the motions have been fully briefed and are ripe for disposition.

## II. Legal Standard

### A. Motion To Dismiss Pursuant to Rule 12(b)(1)

"A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of the plaintiff's complaint." *Vieth v. Pennsylvania*, 188 F. Supp. 2d 532, 537 (M.D. Pa. 2002) (quoting *Ballenger v. Applied Digital Solutions, Inc.*, 189 F. Supp. 2d 196, 199 (D. Del. 2002)). When presented with a Rule 12(b)(1) motion, the plaintiff "will have the burden of proof that jurisdiction

---

[2] On November 28, 2018, Defendant IBT filed an answer to Plaintiff's complaint. (Doc. 6).

does in fact exist." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006); *Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

A motion to dismiss under Rule 12(b)(1) may present either a facial or factual challenge to subject matter jurisdiction. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A "facial attack" assumes that the allegations of the complaint are true but contends that the pleadings fail to present an action within the court's jurisdiction. *Id.* Such a motion should only be granted if it appears with certainty that the court's assertion of jurisdiction would be improper. *Id.*; *Carpet Grp. Int'l v. Oriental Rug Imps. Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000). A "factual attack" argues that, while the pleadings themselves facially establish jurisdiction, one or more of the factual allegations are untrue, thereby causing the matter to fall outside the court's jurisdiction. *Mortensen*, 549 F.2d at 891. On a factual attack, the court must evaluate the merits of the disputed allegations because "the trial court's . . . very power to hear the case" is at issue. *Id.*; *Carpet Grp. Int'l*, 227 F.3d at 69.

### B. **Motion To Dismiss Pursuant to Rule 12(b)(6)**

A motion to dismiss for failure to state a claim filed pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In reviewing the motion, a court "may consider only the allegations in the complaint, exhibits attached to the complaint, matters of public

5

record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). The motion will be properly granted when, taking all well-pleaded factual allegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a matter of law. *Markowirz v. Ne. Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980).

To survive the motion to dismiss for failure to state a claim, the complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231-32 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, the motion to dismiss should be granted if a party does not allege facts which could, if established at trial, entitle him to relief. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

**III. Discussion**

    **A. UPS's Motion to Dismiss**

UPS argues that Plaintiff's Count III PHRA claim for handicap/disability discrimination should be dismissed for failure to exhaust administrative remedies because this claim was not filed with the PHRC or EEOC. In response, Plaintiff argues that the judicial complaint is not limited to the four corners of the administrative charge. Although Plaintiff agrees that handicap/disability discrimination was not asserted in his submission to the PHRC, he contends that it was a reasonable outgrowth from his race discrimination claim.

Prior to filing a lawsuit for a PHRA violation, a plaintiff must first exhaust his administrative remedies by filing a charge of discrimination with the PHRC. 43 Pa. Cons. Stat. § 962(c)(1); *see also Clay v. Advanced Comput. Applications, Inc.*, 559 A.2d 917, 920-21 (Pa. 1989). If the PHRC does not act on the charge within one year, or if the PHRC dismisses the charge within that year, the claim is exhausted and the plaintiff may bring suit. *Price v. Phila. Elec. Co.*, 790 F. Supp. 97, 99 (E.D. Pa. 1992); *Tlush v. Mfrs. Res. Ctr.*, 315 F. Supp. 2d 650, 656-57 (E.D. Pa. 2002). "Under the PHRA – unlike Title VII or the ADA – every separate charge must be exhausted, regardless of whether a subsequent charge is fairly within the scope of a previous one." *Traxler v. Mifflin Cty. Sch. Dist.*, No. 07-cv-1275, 2008 U.S. Dist.

LEXIS 21403, *11 (M.D. Pa. Mar. 17, 2008) (citing *Snyder v. Pa. Ass'n of Sch. Retirees*, 566 A.2d 1235, 1241-42 (Pa. Super. Ct. 1989)).

Plaintiff rests his argument against administrative exhaustion on the nexus standard articulated in *Bailey v. Stolazzi*, 729 A.2d 1206, 1215 (Pa. Super. Ct. 1999). In *Bailey*, the court held that, "when determining the appropriate scope of an agency investigation, the legal analysis turns on whether there is a close nexus between the facts supporting each claim or . . . whether additional charges made in the judicial complaint may fairly be considered explanations of the original charge and growing out of it." *Id.* (citing *Hicks v. Abt Assocs., Inc.*, 572 F.2d 960, 966 (3d Cir. 1978)) (quotations omitted). The appellant alleged racial discrimination but not racial retaliation when he filed his charge with the PHRC intake investigator. *Bailey*, 729 A.2d at 1216. The Superior Court reversed the trial court's dismissal of the retaliatory discrimination charge, finding that the information provided by "an African-American employee, who has just been fired, should have been sufficient to trigger the possibility of retaliatory discharge in the mind of even an inexperienced PHRC administrator." *Id.* at 1216.

The present case, however, is distinguishable from *Bailey* as there is not a close nexus between the preliminary facts of racial discrimination and the additional charge of disability discrimination. On the PHRA questionnaire and in response to why the party was discriminated against, Plaintiff marked the boxes for "Race" and

8

"Color" and filled in "African American" and "Black," respectively. He also marked the box for "Retaliation." However, he did not indicate on the form that he was disabled, that his employer treated him as if he were disabled, or that he had a disability in the past. Thus, Plaintiff did not allege sufficient facts to notify the agency administrators that a claim for disability discrimination should be investigated. As such, the facts asserted by Plaintiff for the denial of a position transfer based on race do not share a close nexus to encompass the subsequent disability claim. Accordingly, the court finds that Plaintiff failed to exhaust his PHRA claim for handicap/disability discrimination and will, therefore, dismiss Count III of the complaint.

### B. Local 776's Motion to Dismiss

Defendant Local 776 seeks to have Plaintiff's claims as filed against it dismissed for failure to exhaust administrative remedies. Specifically, Local 776 argues that it was not named in Plaintiff's dual-filing with the EEOC and PHRC and that the complaint in this action is devoid of factual allegations that it had notice of the EEOC and PHRC charge against UPS. For his part, Plaintiff acknowledges that Local 776 was not named in either the caption or the body of the charge of discrimination filed with the EEOC and PHRC but argues that an exception to the named respondent rule applies in this case because UPS employees Robert Sholley and David Licht were listed in the PHRC questionnaire as "manager/union shop

steward" and "Business Agent (Union/UPS)," respectively, and that Local 776 acted as an agent of UPS in handling the position bids.

As explained above, before filing suit under the PHRA, a plaintiff must exhaust all administrative remedies by filing a charge of discrimination with the PHRC or EEOC. *Hills v. Borough of Colwyn*, 978 F. Supp. 2d 469, 478 (E.D. Pa. 2013) (citing *Kunwar v. Simco*, 135 F. Supp. 2d 649, 653 (E.D. Pa. 2001); 43 Pa. Stat. Ann. § 963). "The purpose of requiring an aggrieved party to resort first to the EEOC is twofold: to give notice to the charged party and provide an avenue for voluntary compliance without resort to litigation." *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1987) (citations omitted). Typically, where a plaintiff fails to name a defendant in his administrative charge, he is precluded from later bringing an action against that defendant in court. *See Schafer v. Bd. of Pub. Educ.*, 903 F.2d 243, 251 (3d Cir. 1990). However, the Third Circuit has set forth an exception to this rule. *See Glus*, 562 F.2d at 888. In *Glus*, the Third Circuit enumerated four factors to determine whether a party not named in an administrative charge can be named as a defendant in a subsequent civil action:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of the named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; [and] 4) whether the unnamed party has in

10

some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id*. The *Glus* test was later refined by the Third Circuit in *Schafer*, where the court held that a case against an unnamed party may proceed "when the unnamed party received notice and when there is a shared commonality of interest with the named party." *Schafer*, 903 F.2d at 252.

Here, Local 776 was not named in either the caption or the body of the charge nor explicitly named in the questionnaire that was dual-filed with the EEOC and PHRC. Based on the allegations of the complaint and the discrimination questionnaire that were filed, Plaintiff fails to satisfy the *Schafer* exception. The charge did not give Local 776 notice. Simply being the union operating at the UPS distribution center in Harrisburg does not establish that Local 776 had notice of the alleged discriminatory actions and could be subject to the administrative proceedings or a lawsuit.

Plaintiff also fails to satisfy the exception under the *Glus* factors. First, at the time Plaintiff filed his charge of discrimination, he was aware of Local 776's role in the alleged discriminatory action. Second, while UPS and Local 776 may share a common interest in defending against Plaintiff's claims, the complaint does not explain how or why UPS, the named party, and Local 776, the unnamed party, in the administrative proceedings held such similar interests that Plaintiff could believe it was unnecessary to name Local 776. Third, because it was not named in

11

the dual-filed charge, Local 776 was prejudiced by an inability to defend itself from the allegations at the administrative level and to compromise voluntarily prior to litigation. Fourth, while Plaintiff alleges that Local 776 was acting as an agent of UPS by handling bids, the complaint does not allege that Local 776 represented to Plaintiff that the parties' relationship was to be through UPS. Thus, Plaintiff fails to satisfy the exceptions articulated in *Glus* and *Schafer*, and his claims against Local 776 will be dismissed with prejudice for failure to exhaust administrative remedies.

### C. <u>Defendant IBT</u>

Having determined that all claims against Local 776 should be dismissed, the only remaining Defendant to address in this action is IBT. Although IBT did not file a motion to dismiss, the court's analysis of Local 776's motion to dismiss is equally applicable to IBT. Thus, the court is faced with the question of whether to dismiss, *sua sponte,* the complaint as to IBT.

*Sua sponte* dismissal of a claim is disfavored and inappropriate unless the basis for dismissal is apparent from the facts of the complaint. *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002). Thus, a court considering a *sua sponte* dismissal must determine whether the plaintiff is unable to state a claim upon which relief may be granted. *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980). "If a complaint is baldly inadequate as a matter of law, the court may, on its own motion, dismiss the complaint or a claim cited therein." *Pa. State Troopers Ass'n. v.*

*Pennsylvania*, No. 06-cv-1079, 2007 U.S. Dist. LEXIS 19539, *26 (M.D. Pa. Mar. 20, 2007) (citing cases and scholarly materials). *Sua sponte* dismissal promotes efficient disposition of cases and usage of judicial resources by expediting the dismissal of cases that lack "a shred of a valid claim." *Id.* (quoting *Baker v. Dir. U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990)). A *sua sponte* dismissal for failure to state a claim as to non-moving defendants is appropriate "where nonmoving defendants are in a position similar" to the moving party when those claims are "frivolous." *Elam v. Shapiro*, No. 18-mc-0501, 2018 U.S. Dist. LEXIS 151716, *6 (M.D. Pa. Sep. 6, 2018) (quoting *Brown v. City of Phila.*, No. 04-cv-5163, 2005 U.S. Dist. LEXIS 16765, *5 (E.D. Pa. Aug. 12, 2005) (citing *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 n.2 (2d Cir. 2000)) (internal citations omitted).

Before *sua sponte* dismissal is appropriate, however, the court must give the plaintiff notice and an opportunity to be heard on the legal viability of his complaint. *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006); *Dougherty v. Harper's Magazine Co.*, 537 F.2d 758, 761 (3d Cir. 1976). The notice and opportunity to be heard may be provided by the act of a single defendant who raises a defense applicable to all defendants. *See Pourghoraishi*, 449 F.3d at 765-66; *Coggins v. Carpenter*, 468 F. Supp. 270, 279 (E.D. Pa. 1979*); see also Ogden v. Huntingdon Cty.*, No. 06-cv-2299, 2007 U.S. Dist. LEXIS 59808, *3 (M.D. Pa. Aug.

15, 2007). In the instant case, Local 776 argued that Plaintiff's claims should be dismissed because Plaintiff failed to exhaust his administrative remedies. Although the motion to dismiss the complaint was filed only by Local 776, the court concludes that *sua sponte* dismissal of Plaintiff's claims against IBT is proper as IBT is similarly situated to Local 776.

Plaintiff acknowledges that IBT was not named in either the caption or the body of the charge of discrimination filed with the EEOC and was not on notice of the charges. As with Local 776, Plaintiff's allegations in his complaint are not sufficient to satisfy the exceptions articulated in *Glus* and *Schafer*, and Plaintiff failed to exhaust administrative remedies as to both parties. Plaintiff was on notice of the failure to exhaust administrative remedies defense and the legal argument in support thereof, as it is the main argument addressed by Local 776. Presumably, Plaintiff advanced every factual and legal argument at his disposal to invalidate this claim, and his response to a similar motion by IBT would be no different. Accordingly, for the reasons detailed above, the court finds that dismissal of Plaintiff's claims with prejudice as to IBT is appropriate.

## IV. **Conclusion**

For the above stated reasons, the motions to dismiss filed by Defendants and on the court's own motion will be granted. An appropriate order will issue.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: April 29, 2019

15